UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GERSON E. VENITES, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                Plaintiff,

                -against-

ORFINO'S RESTAURANT, INC., and MICHAEL
ORFINO, individually, and LINDA ORFINO,
individually,

                              Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

      Plaintiff, GERSON E. VENITES ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ORFINO'S RESTAURANT, INC. ("Orfino's"), and MICHAEL ORFINO, individually, and LINDA ORFINO, individually, (all three, collectively where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

      1.    This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's and NYCCRR's requirement that hospitality employees receive one hour's pay at the minimum wage rate for any day in which their spread of

1

hours exceeds ten, NYLL § 652(1); NYCCRR tit. 12, § 146-1.6; (iv) the NYLL's requirement that employers pay wages to their terminated employees not later than the regular payday for the pay period during which the termination occurred, NYLL §191(3); (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, N.Y. Lab. Law § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a Westchester restaurant, as well as its two owners who were also Plaintiff's direct supervisors - - as a dishwasher from January 20, 2016 through March 22, 2017. As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for the entirety of his employment, Defendants routinely required Plaintiff to work beyond forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate for any hours that he worked per week in excess of forty.

3. Defendants also failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate on those days when his spread of hours exceeded ten during a given day, as the NYLL and NYCCRR require.

4. Furthermore, Defendants violated the NYLL by failing to pay Plaintiff on the regular payday for the pay period during which his employment was terminated, and have subsequently failed to pay him for his final two workweeks.

5. Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday, or with an accurate wage notice at the time of hire, as the NYLL requires.

6. Defendants paid and treated all of their dishwashers, and those working in similar roles, in this same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and all Defendants reside within the same state, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

11. At all relevant times herein, Defendant Orfino's was and is a New York corporation with its principal place of business located at 1120 Pleasantville Road, Briarcliff Manor, New York 10510.

12. At all relevant times herein, Defendants Michael and Linda Orfino, husband and wife, were the owners of Defendant Orfino's. In that capacity, Defendants Michael and Linda Orfino personally managed and oversaw the day-to-day operations of Orfino's, and were ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. Furthermore, Defendants Michael and Linda Orfino had the power to hire and fire and approve all personnel decisions with respect to Defendant Orfino's employees, and Defendant Michael Orfino did in fact hire and fire Plaintiff. Defendants Michael and Linda Orfino also directly supervised all of Defendants' employees, including Plaintiff.

13. At all relevant times herein, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Orfino's qualifying annual business exceeded and exceeds $500,000, and Defendant Orfino's was and is engaged in interstate commerce within the meaning of the FLSA, as it operates a business that purchases and sells numerous products that have moved in interstate commerce, accepts payments in cash that naturally moved across state lines, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant Orfino's to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as dishwashers, or in a similar role, and who

consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

18. Defendants own and operate a restaurant located at 1120 Pleasantville Road, Briarcliff Manor, New York 10510.

19. On January 20, 2016, Defendants Michael Orfino, on behalf of Orfino's, hired Plaintiff to work for Defendants as a dishwasher. Plaintiff commenced his employment with Defendants in that role at that time.

20. Defendant Michael Orfino personally hired Plaintiff and supervised Plaintiff's day-to-day duties at the restaurant. Defendant Linda Orfino additionally supervised Plaintiff's

day-to-day duties at the restaurant, and Plaintiff occasionally assisted her in buying food at a restaurant supply store during his employment.

21. As a dishwasher, as its name suggests, Plaintiff's main duties consisted of washing dishes and cleaning the kitchen by sweeping and mopping the floor.

22. Throughout his employment, Defendants required Plaintiff to work six days per week, scheduled as follows:

Tuesday through Friday: 11:00 a.m. until 10:00 p.m.;

Saturday: 4:00 p.m. until 10:00 p.m.;

Sunday: 4:00 p.m. until 9:00 p.m.

On each day that Plaintiff worked, Defendants permitted Plaintiff to take a half-hour break. Thus, by approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, fifty-two hours per week.

23. From the beginning of Plaintiff's employment up until March 6, 2017, Defendants paid Plaintiff a flat weekly salary of $550.00 in cash, which was intended to cover only the first forty hours that Plaintiff worked each week, and which yields a regular hourly rate of $13.75 per hour. Throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff at any rate of pay for any hour that Plaintiff worked in a week in excess of forty.

24. For the work that Plaintiff performed for Defendants from March 7 through March 21, 2017, Defendants paid Plaintiff only $25.00 for those two weeks of work as an "advance payment." Thus, although Plaintiff worked fifty-two hours during each of these weeks, Defendants failed to pay Plaintiff for all his hours worked in them.

25. By way of example only, during the week of January 3 through January 9, 2017, Defendants required Plaintiff to work, and Plaintiff did work, six days: Tuesday through Friday

from 11:00 a.m. until 10:00 p.m.; Saturday from 4:00 p.m. until 10:00 p.m.; and Sunday from 4:00 p.m. until 9:00 p.m., for a total of fifty-two hours that week. During that week, Defendants failed to pay Plaintiff at any rate for the hours that he worked in excess of forty.

26. As a second example, during the week of March 7 through March 13, 2017, Defendants required Plaintiff to work, and Plaintiff did work, six days: Tuesday through Friday from 11:00 a.m. until 10:00 p.m.; Saturday from 4:00 p.m. until 10:00 p.m.; and Sunday from 4:00 p.m. until 9:00 p.m., for a total of fifty-two hours that week. During that week, besides the "advance payment" at the beginning of the week paid by Defendants, Defendants failed to pay Plaintiff at any rate for any of the hours that Plaintiff worked that week.

27. Additionally, throughout his employment, on every workday that Plaintiff worked for Defendants from Tuesday through Friday, his spread of hours from the beginning of each shift to the end exceeded ten. However, on those days, Defendants failed to compensate Plaintiff with an additional hour's pay at the New York State minimum wage rate.

28. Following Plaintiff's termination of employment on March 21, 2017, Defendants failed to pay Plaintiff on the payday applicable to his last pay period, and to date have failed to compensate Plaintiff for the two final workweeks of his employment.

29. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or an accurate listing of his hours worked to be paid at the overtime or straight-time rate of pay.

30. Additionally, Defendants did not provide Plaintiff with a wage notice at the time of his hire that accurately contained, *inter alia*, Plaintiff's rates of pay as designated by the employer.

31. Defendants treated Plaintiff and all FLSA Plaintiffs, in the same manner described herein.

32. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

33. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

34. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

36. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

37. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

38. Defendants willfully violated the FLSA.

39. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

41. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

44. As also described above, Plaintiff, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

45. Plaintiff, and any FLSA Plaintiff that opts in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

46. Plaintiff, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

47. Plaintiff, and any FLSA Plaintiff that opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 652 and 12 NYCCRR § 146-1.6 provide that an employee working in the hospitality industry shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts into this action, are employees within the meaning of the NYLL and the NYCCRR.

50. As also described above, Plaintiff, and any FLSA Plaintiff that opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's spread-of-hours provisions.

51. Plaintiff, and any FLSA Plaintiff that opts into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day worked in which their spread of hours exceeded ten.

52. Plaintiff, and any FLSA Plaintiff that opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's spread-of-hours provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Timely Wages in Violation of NYLL*

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 191(3) requires that upon termination of an employee, the employer shall pay the employee's earned wages not later than the regular payday for the pay period during which the termination occurred.

55. As described above, following Plaintiff's termination of employment with Defendants, Defendants failed to pay Plaintiff his earned wages on the regular payday for the pay period during which Plaintiff's termination occurred.

56. As a result, Plaintiff is entitled to all unpaid wages earned for the pay period during which his termination occurred, as well as liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

57. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

60. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

61. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

62. Plaintiff, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

64. Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

65. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff that opts in to this action, with accurate wage notices at hire containing all of the criteria required under the NYLL.

66. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

67. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts in to this action, in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.  Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees and an award of a service payment to Plaintiff;

h.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.  Pre-judgment and post-judgment interest, as provided by law; and

j.  Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       September 26, 2017

                                    Respectfully submitted,
                                    BORRELLI & ASSOCIATES, P.L.L.C.
                                    *Attorneys for Plaintiff*
                                    655 Third Avenue, Suite 1821
                                    New York, New York 10017
                                    Tel. (212) 679-5000
                                    Fax. (212) 679-5005

By: _____
      JEFFREY R. MAGUIRE (JM 1982)
      ALEXANDER T. COLEMAN (AC 1717)
      MICHAEL J. BORRELLI (MB 8533)